UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELL AJURIA RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. ROCHA, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0726 TLN KJN P<br><br><br>ORDER |

On February 26, 2020, defendant Carpenter filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. Plaintiff has not opposed the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. On March 17, 2020, plaintiff was reminded of his obligations under Local Rules 110 and 230(l). (ECF No. 47.)

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction,

1

> improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

The court's docket reflects that on February 26, 2020, defendant Carpenter's motion to dismiss was served on plaintiff at California State Prison - Sacramento in Represa, but on March 5, 2020, plaintiff filed a notice of change of address stating he had been transferred to a prison in Corcoran. (ECF No. 45.) The notice was dated February 28, 2020, so it is unlikely plaintiff received the motion to dismiss prior to his transfer.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall serve on plaintiff a copy of the February 26, 2020 motion to dismiss (ECF No. 44); and

2. Plaintiff is granted thirty days in which to file an opposition to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) defendant Carpenter dismissed from this action based on plaintiff's lack of prosecution; and (b) defendant Carpenter dismissed from this action based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that defendant Carpenter be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 9, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ramo0726.nop