UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AJURIA RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. ROCHA, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-0726 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner, proceeding pro se.  This action proceeds on plaintiff's claims that defendants Rocha and Carpenter failed to protect plaintiff from an inmate attack on April 26, 2018, at High Desert State Prison ("HDSP"), in violation of the Eighth Amendment.  Defendant Carpenter's motion to dismiss is before the court.

     As set forth below, defendant's motion should be granted.

I.  Background

     Following an initial settlement conference, which was not fruitful, plaintiff was granted an extension of time to oppose the motion, then this action was stayed.  The stay was extended to November 2, 2020.  Following the expiration of the stay, plaintiff was granted sixty days in which to file his opposition.  The extension expired on February 5, but plaintiff filed no opposition or otherwise responded.

////

II. Plaintiff's Allegations

In his amended complaint, plaintiff alleges the following. On the HDSP dayroom floor, a memo is posted that states that during unlocks for medical, yard program, day room, pill call, etc., officers must step in front of each cell individually and identify each inmate by picture ID card and picture posted on cell door tag to ensure that only inmates allowed to access movement are released. Plaintiff and his cellmate were both listed as A2B privilege group which is not allowed to program during day room. Defendant Roche was trained on such policy, yet on April 26, 2018, defendant ordered plaintiff and his cellmate to exit to day room. In addition, defendant Roche violated protocol by failing to individually open cell doors, instead opening all the doors at one time. Defendant Roche then told inmates in cell 222 to "handle him," and those cellmates came to the dayroom and began verbally assaulting plaintiff for disrespecting defendant Roche, then plaintiff was punctured by a prison made weapon nine times, resulting in the loss of over a liter of blood, requiring his airlift to a hospital in Nevada. (ECF No. 18 at 4.)

Defendant Carpenter was assigned to the control tower day room booth and was trained to have both lethal and less than lethal weapons available to address inmate assaults. Despite plaintiff's cries for help, defendant Carpenter ignored policy and did not come to plaintiff's aid, just watched while plaintiff was stabbed, and while plaintiff was looking up for help, defendant Carpenter pepper sprayed plaintiff in the face while the two inmates were assaulting plaintiff from behind. Defendant Carpenter failed to adequately respond to stop the assault from repeating.

Plaintiff alleges that such actions and omissions violated the Eighth Amendment based on defendants' failure to protect plaintiff from harm.[1] Plaintiff seeks money damages.

III. Motion to Dismiss: Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

---

[1] Plaintiff does not claim the use of excessive force or challenge the amount of force used.

2

1   must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89
2   (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.
3   McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.
4   1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more
5   than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a
6   cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,
7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
9   upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570.
10  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
11  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556
12  U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes
13  of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co.,
14  896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court "need not accept as true allegations
15  contradicting documents that are referenced in the complaint or that are properly subject to
16  judicial notice." Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

17       A motion to dismiss for failure to state a claim should not be granted unless it appears
18  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
19  entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se
20  pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner,
21  404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz
22  v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal
23  interpretation of a pro se complaint may not supply essential elements of the claim that were not
24  pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

25  IV.  Civil Rights

26       To state a civil rights claim under § 1983, a plaintiff must allege: (1) the violation of a
27  federal constitutional or statutory right; and (2) that the violation was committed by a person
28  acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

1   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

2   rights claim unless the facts establish the defendant's personal involvement in the constitutional

3   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

4   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

5   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

6   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

7   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

8   V.  Failure to Protect

9       "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other

10  prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation and citation

11  omitted).  "The failure of prison officials to protect inmates from attacks by other inmates may

12  rise to the level of an Eighth Amendment violation when:  (1) the deprivation is 'objectively,

13  sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting

14  with deliberate indifference."  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting

15  Farmer, 511 U.S. at 834).  The second prong of this test is subjective, and "the official must both

16  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

17  exists, and he must also draw the inference."  See Farmer, 511 U.S. at 837.  "'Deliberate

18  indifference entails something more than mere negligence but is satisfied by something less than

19  acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'"

20  Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 835) (internal alterations omitted).  "[A]n

21  official's failure to alleviate a significant risk that he should have perceived but did not, while no

22  cause for commendation, cannot under [the Supreme Court's] cases be condemned as the

23  infliction of punishment."  Farmer, 511 U.S. at 838.

24  VI.  Discussion

25      The undersigned is persuaded that plaintiff failed to plead facts showing that prior to the

26  attack, defendant Carpenter was aware that inmates in Cell 222 posed a threat to plaintiff or his

27  cellmate, or that defendant Carpenter heard or was involved in defendant Roche's alleged order to

28  such inmates that they "handle" plaintiff.  Plaintiff sets forth no facts showing that defendant

4

Carpenter was aware of a substantial risk of harm to plaintiff, either from the two cellmates in 222, or from pre-existing security concerns.  Thus, defendant Carpenter is entitled to dismissal.  See Vaughn v. Parker, 2019 WL 5212371, * 9 (S.D. Cal. Oct. 16, 2019) (granting summary judgment for defendant officer, finding that even if the officer knowingly allowed inmates from different sections to be in the day room for pill line at the same time, there was no evidence suggesting the officer knew he was exposing the prisoner to a substantial risk of serious harm.)

      Plaintiff complains that defendant Carpenter was trained on both lethal and less-lethal force, yet used pepper spray in an effort to quell the attack.  But such complaint concerning defendant Carpenter's response to the attack is inconsistent, because defendant Carpenter used pepper spray, a less than lethal form of force.  Plaintiff does not identify what medium he believes defendant should have used.  Plaintiff also alleges that defendant Carpenter did not come to plaintiff's aid, "he just watched as I was assaulted," but also alleges that defendant Carpenter pepper-sprayed plaintiff in the facial area while plaintiff was being attacked from behind.  The latter allegation suggests any delay in defendant's response was brief.  Plaintiff does not articulate any period of delay, but rather seems to disagree with the type of force defendant Carpenter chose to use.  Such contradictions notwithstanding, plaintiff fails to demonstrate how defendant Carpenter's use of pepper spray, rather than some other form of force,[2] demonstrates defendant Carpenter was deliberately indifferent to plaintiff's situation.  Farmer, 511 U.S. at 834-37.

---

[2] In the use of force context, courts have found that

> the fact that the degree of force used appears unreasonable in hindsight is not in itself sufficient to establish a constitutional violation.  Whitley [v. Albers], 475 U.S. [312,] 319 [1986].  Prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Id. at 321-22, [] (citing Bell v. Wolfish, 441 U.S. 520, 547, [] (1970)).  Correctional officers, like Defendant, must make decisions "'in haste, under pressure, and frequently without the luxury of a second chance.'"  Hudson[ v. McMillian], 503 U.S. [1,] 7, [] (quoting Whitley, 475 U.S. at 320).

Vaughn, 2019 WL 5212371, at *8 (S.D. Cal. Oct. 16, 2019).  A use of force inquiry involves "whether defendant's actions were applied in a good faith effort to maintain or restore discipline."  Id.  As stated above, plaintiff does not raise an excessive force claim, and has not addressed the elements of such a claim.

Absent facts demonstrating defendant knew and disregarded an excessive risk to plaintiff's safety, simply using pepper spray to quell an attack, or that such use of the pepper spray was ineffective in immediately stopping the attack, or that plaintiff was also exposed to the pepper spray during defendant's response, are all insufficient to demonstrate defendant Carpenter failed to protect plaintiff.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (correctional officer "must have more than a mere suspicion that an attack will occur" to evince deliberate indifference); see also Reeda v. Horn, 2014 WL 4078648 (E.D. Cal. Aug. 14, 2014) (prisoner had given the defendant officer no reason to believe prisoner was at risk, and swiftly acted to stop the attack).

Finally, plaintiff claims that "both defendants were either negligent, or intentional."  (ECF No. 18 at 10.)  As discussed above, negligence is insufficient.  Rather, plaintiff must provide facts showing defendant Carpenter was deliberately indifferent, which is "something more than mere negligence, but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  See Cortez v. Skol, 776 F.3d 1046, 1050, 1052-53 (internal quotation and citation omitted) (finding there was sufficient evidence to defeat summary judgment based on evidence that the escorting officer defendant was aware of the risk and acted with deliberate indifference to Cortez' safety.).

Plaintiff's allegations make clear that he was assaulted by inmates in close proximity to plaintiff, and that defendant Carpenter was unaware of a specific threat to plaintiff at that time. Defendant Carpenter was not unresponsive to the attack; indeed, plaintiff acknowledges that defendant Carpenter discharged pepper spray from the control tower.  Thus, defendant's motion to dismiss should be granted.

VII. Leave to Amend?

Plaintiff has amended once as a matter of right; defendant Carpenter filed a motion to dismiss and defendant Roche filed an answer.  Despite multiple opportunities to file an opposition, plaintiff did not file an opposition, or otherwise provide additional information that suggests he can allege sufficient facts to demonstrate defendant Carpenter was aware that a substantial risk of harm to plaintiff existed in the dayroom at HDSP on April 26, 2018. Therefore, the undersigned declines to recommend that plaintiff be granted leave to amend at this

time. Rather, if plaintiff discovers additional facts through discovery that demonstrate defendant Carpenter acted with a culpable state of mind, plaintiff may move to amend his pleading at that time. Fed. R. Civ. P. 15. Therefore, defendant Carpenter should be dismissed without prejudice.

VIII. Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Carpenter's motion to dismiss (ECF No. 44) be granted; and

2. Defendant Carpenter be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ramo0726.mtd

7