UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AJURIA RAMOS,<br><br>        Plaintiff,<br><br>     v.<br><br>I. ROCHA, et al.,<br><br>        Defendants. | No. 2:19-cv-0726 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On June 11, 2021, plaintiff wrote a letter stating he has no access to the prison law library unless he has a deadline or order on an active case. Plaintiff claims he needs to stay the subpoena the defendant filed on letters plaintiff wrote to his mother because they contain sensitive and private conversations, and needs to learn more about subpoenas. Plaintiff asks the court to send him an order or, if possible, someone to help plaintiff do research or file a motion, or contact the Honduras Consulate to assist him.

Standards Governing Subpoenas

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. A subpoena served upon a third party may seek (1) testimony, (2) the production of documents, electronically stored information or tangible things within the possession, custody or control of the witness, or (3) inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii).

////

1

On timely motion, the court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 (3d ed. 2008) (footnote omitted); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); United States v. Tomison, 969 F.Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").

Discussion

Plaintiff's letter is too vague to construe as a motion to quash the subpoena. It is unclear when the subpoena was served on plaintiff's mother; thus, the court cannot determine whether such a motion is timely. Fed. R. Civ. P. 45(d)(2)(B) (requiring a movant to object to a subpoena duces tecum "before the earlier of the time specified for compliance or 14 days after the subpoena is served.").[1] And, because plaintiff's mother is not a party to this action, it is unclear whether plaintiff has standing to challenge such subpoena.

Further, plaintiff is reminded that he does have deadlines in this case. On March 31, 2021, a revised discovery and scheduling order issued. (ECF No. 64.) The parties must complete discovery by July 22, 2021, subject to the specific orders included in the scheduling order, and the pretrial motions deadline is October 14, 2021.

The court construes plaintiff's request for someone to help him research, file a motion or for legal help as a request for the appointment of counsel.

---

[1] See also North American Co. for Life and Health Ins. v. Philpot, 2010 WL 4917065, *2-3 (S.D. Cal. Nov. 24, 2010) (motion to quash filed before date noticed for compliance with record subpoena was timely); Anderson v. Abercrombie and Fitch Stores, Inc., 2007 WL 1994059, at *8 (S.D. Cal. Jul. 2, 2007) (motion to quash filed after date specified for document production was untimely).

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Finally, plaintiff is advised that the court is unable to contact the Honduran Consulate on plaintiff's behalf, but provides the following contact information: Honduran Consulate, 3550 Wilshire Blvd., #320, Los Angeles, CA 90010; 213-383-9244; Fax: 213-383-9306; website www.hondurasemb.org.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request, construed as a motion for the appointment of counsel (ECF No. 65), is denied without prejudice.

Dated: June 24, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/ramo0726.31+